**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| FIRESTONE FINANCIAL, LLC, | ) | |
| | ) | Case No.  3:24cv177 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PUTT PUTT GOLF COURSES OF RICHMOND, | ) | |
| INC. and GARY CLAUDE HINSHAW, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff, Firestone Financial, LLC ("Firestone"), by and through its counsel, and for its Verified Complaint against Defendants Putt Putt Golf Courses of Richmond, Inc. ("PPGCR"), and Gary Claude Hinshaw ("Hinshaw") (collectively, the "Defendants"), individually, states as follows:

**PARTIES**

1.    Firestone is a limited liability company registered under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 100 Westminster Street, 1st Floor, Providence RI 02903. Firestone's sole member is Berkshire Bank, a bank chartered under the laws of the Commonwealth of Massachusetts.  Berkshire Bank's principal place of business is in Pittsfield, Massachusetts.

2.    PPGCR is a Virginia corporation with its principal place of business located at 7901 Midlothian Turnpike, North Chesterfield, VA 23235

3.    Hinshaw is a citizen of the Commonwealth of Virginia who resides at 11603 Durrington Dr., North Chesterfield, VA 23236.

1

**JURISDICTION AND VENUE**

4.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to Firestone's claims occurred in this judicial district, and because the Defendants reside and/or conduct business in this judicial district.

**BACKGROUND**

6.      On or about May 27, 2022, Firestone, as lender, and PPGCR, as borrower, entered into a Master Security Agreement (the "Master Agreement"), wherein, as consideration for Firestone's agreement to extend financing to PPGCR from time to time for the aggregate amounts stated on each and every promissory note, PPGCR granted Firestone a first priority security interest in all its assets, including, but not limited to, all equipment, fixtures, inventory, goods, accounts, chattel paper, general intangibles, documents, instruments, contracts, securities, in each case as such terms are defined in the Uniform Commercial Code, and the items listed on Schedule A to the Master Agreement (the "Collateral"). A true and correct copy of the Master Agreement is attached hereto as Exhibit 1.

7.      As more fully described on Schedule A to the Master Agreement, Firestone's Collateral includes the following equipment: ten (10) Model E Power Up Go Karts LT201A EZ PWRUP w/ Extended Wear Tires; nine (9) Model E + One Two Seat Go Karts EK2622PWRUO; seventy-six (76) EK259 Optima Batteries; one (1) Complete K213C Transmitter Thundervolt Zone System; nineteen (19) LT200A Chargers; nineteen (19) EK265 Park and Charge Systems; and

2

related accessions, attachments and accessories (collectively the "Equipment").   See Master Agreement, attached hereto as Exhibit 1.

8.      Also on May 27, 2022, PPGCR executed a Promissory Note ("Note No. xx772-1" and collectively with the Master Agreement, the "Loan") in favor of Firestone for the principal amount of $384,810.00 in accordance with the Master Agreement.   A true and correct copy of Note No. xx772-1 is attached hereto as Exhibit 2.

9.      Pursuant to Note No. xx772-1, PPGCR agreed to make fifty-nine (59) consecutive monthly payments of $7,484.26.   See Note. No. xx772-1 attached hereto as Exhibit 2.

10.      To induce Firestone to enter into the Loan, Hinshaw executed a Master Unlimited Guaranty (the "Guaranty") wherein he guaranteed PPGCR's performance of its obligations to Firestone.   A true and correct copy of the Guaranty is attached hereto as Exhibit 3.

11.      Firestone perfected its first priority security interest in the Collateral, including the Equipment, by filings its UCC-1 financing statement with the Virginia State Corporation Commission on May 31, 2022.   A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit 4.

12.      PPGCR defaulted on the Loan by failing to make all necessary payments when due.

13.      As a result of the payment default, Firestone is entitled to payment of the entire outstanding balance of principal and interest due under Note No. xx 772-1, which is $288,110.64, plus all other amounts due or that become due thereunder or under the Loan.   See Master Agreement, ¶ 5.4, attached as Exhibit 1, and Note No. xx 772-1, ¶¶ 7-8, attached as Exhibit 2.

14.      Firestone is also entitled to payment of late charges in the amount of $748.42 pursuant to Loan No. xx 772-1.   See Note No. xx 772-1, ¶ 7, attached as Exhibit 2.

15.     Firestone is further entitled to NSF fees in the amount of $210.00.  See Note No. xx 772-1, ¶ 7, attached as Exhibit 2.

16.     For the monies due under the Loan, Firestone is entitled to prejudgment interest at the rate of 18% per annum from the date of default until the date of judgment, which equals $1,750.67 as of February 2, 2024.  See Note No. xx 772-1, ¶ 7, attached as Exhibit 2.

17.     As a result of the default under the Loan, Firestone is further entitled to attorneys' fees and costs incurred in enforcing its rights.  See Master Agreement, ¶ 5.4, and Note No. xx 772-1, ¶¶ 7-8.

18.     The Loan provides that, upon the occurrence of an event of default, Firestone may take possession of and remove the Equipment.  See Master Agreement, ¶ 5.4, attached as Exhibit 1.

19.     Hinshaw failed to make payment under the Guaranty.

20.     Firestone demanded payment from PPGCR under the Agreement but it failed to pay the same.

21.     Firestone demanded return of the Equipment from PPGCR, but PPGCR failed or refused to return the Equipment.

22.     Firestone fully performed its obligations under the Loan and Guaranty.

## COUNT I
## BREACH OF CONTRACT AGAINST DEFENDANT PUTT PUTT GOLF COURSES OF RICHMOND, INC.

23.     Plaintiff re-alleges Paragraphs 1 through 22 of its Verified Complaint as though fully set forth herein.

24.     Because of PPGCR's default under the Loan, Firestone is entitled to payment of the accelerated balance remaining under the Loan of $288,110.64, plus late charges of $748.42,

NSF fees of $210.00, prejudgment interest at the rate of 18% per annum from the date of default until the date of judgment, which equals $1,750.67 as of February 2, 2024, and attorneys' fees and costs.

25.    PPGCR has failed and refused to make payment despite demand.

WHEREFORE, Firestone Financial, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Putt Putt Golf Courses of Richmond, Inc. in the amount of $288,110.64, plus late charges of $748.42, NSF fees of $210.00, prejudgment interest at the rate of 18% per annum from the date of default until the date of judgment, which equals $1,750.67 as of February 2, 2024, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT II
## BREACH OF GUARANTY AGAINST DEFENDANT GARY CLAUDE HINSHAW

26.    Plaintiff re-alleges Paragraphs 1 through 25 of its Verified Complaint as though fully set forth herein.

27.    Due to Hinshaw' default under the Guaranty, Firestone has been damaged in the amount of $288,110.64, plus late charges of $748.42, NSF fees of $210.00, prejudgment interest at the rate of 18% per annum from the date of default until the date of judgment, which equals $1,750.67 as of February 2, 2024, and attorneys' fees and costs.

WHEREFORE, Firestone Financial, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Gary Claude Hinshaw in the amount of $288,110.64, plus late charges of $748.42, NSF fees of $210.00, prejudgment interest at the rate of 18% per annum from the date of default until the date of judgment, which equals $1,750.67 as of February 2, 2024, and attorneys' fees and costs, and all other and relief which this Court deems just.

## COUNT III
## DETINUE AGAINST DEFENDANTS PUTT PUTT GOLF COURSES
## OF RICHMOND, INC. AND GARY CLAUDE HINSHAW

28.     Plaintiff re-alleges Paragraphs 1 through 27 of its Verified Complaint as though fully set forth herein.

29.     This claim is brought pursuant to Code of Virginia § 8.01-114, applicable herein pursuant to made applicable to this proceeding pursuant to Federal Rule of Civil Procedure 64.

30.     Hinshaw controls the day-to-day operations of PPGCR, which he owns.

31.     Firestone has a perfected security interest in the Equipment pursuant to the UCC-1 Financing Statement. See Exhibit 4.

32.     Due to PPGCR's default under the Loan, Firestone has an absolute and unconditional right to immediate possession of the Equipment.

33.     PPGCR is wrongfully and unlawfully withholding possession and control of the Equipment.

34.     Hinshaw through his operational control of PPGCR, is causing PPGCR to wrongfully retain possession of and control of the Equipment.

35.     After its default, PPGCR no longer has any right, or interest in the Equipment.

36.     Hinshaw has no right to refuse to cause PPGCR to honor its legal obligation to surrender the Equipment.

37.     Firestone's right to possession of the Equipment is superior to that of PPGCR and Hinshaw.

38.     PPGCR and Hinshaw refuse to surrender the Equipment voluntarily.

39.     Firestone has made demand upon of PPGCR and Hinshaw for the return of the Equipment, but of PPGCR and Hinshaw refused to return same.

40.     Firestone will suffer irreparable damages if the Equipment is not returned to it.

41.     The Equipment is more specifically described on Schedule A to the Master Agreement.  See Master Agreement, attached as Exhibit 1.

42.     Firestone estimates the fair market value of the Equipment, depending on its condition, to be approximately $202,878.00.

WHEREFORE, Firestone Financial, LLC respectfully requests that this Court enter an Order compelling Putt Putt Golf Courses of Richmond, Inc., and Gary Claude Hinshaw, jointly and severally, to assemble and Equipment more specifically described on Schedule A to the Master Agreement to Firestone Financial, LLC at a place and time directed by Firestone Financial, LLC within fourteen (14) days of this Court's entry of judgment, and granting Firestone Financial, LLC such other relief as this Court deems just

**COUNT IV**
**TURNOVER OF COLLATERAL UNDER VA CODE § 8.9A-609**

43.     Plaintiff re-alleges Paragraphs 1 through 42 of its Verified Complaint as though fully set forth herein.

44.     This Count is brought pursuant to VA Code § 8.9A-609 on the basis that the Equipment is located in Virginia.

45.     VA Code § 8.9A-609 provides that after default, a secured party may take possession of the collateral and proceed pursuant to judicial process.

46.     VA Code § 8.9A-609(c) provides: "If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties." VA Code § 8.9A-609 (West 2024).

47.     Due to PPGCR's default under the Loan, Firestone is entitled to the return and exclusive possession of the Equipment.  See Master Agreement, ¶ 5.4, attached as Exhibit 1.

48.     Due to PPGCR's default under the Loan, Firestone may require PPGCR to assemble the Equipment and make it available to Firestone at any place reasonably designated by Firestone.  VA Code § 8.9A-609 (West 2024); see also Exhibit 1, ¶ 5.4.

WHEREFORE, Plaintiff Firestone Financial, LLC respectfully requests that this Court order the Defendant Putt Putt Golf Courses of Richmond, Inc. to assemble the Equipment and make it available to Firestone Financial, LLC  within fourteen (14) calendar days at a place to be designated by Firestone Financial, LLC, as well as all other and further relief which this Court deems just.

## COUNT V
## TURNOVER OF COLLATERAL UNDER M.G.L.A. 106 § 9-609

49.     Plaintiff re-alleges Paragraphs 1 through 48 of its Verified Complaint as though fully set forth herein.

50.     This Count is brought pursuant to M.G.L.A. 106 § 9-609.  This claim is brought in the alternative to Count IV, in the event that the Court finds that Massachusetts law applies to Firestone's possessory action against PPGCR for the Equipment under the choice of law provision in the Loan.

51.     M.G.L.A. 106 § 9-609 provides that after default, a secured party may take possession of the equipment and proceed pursuant to judicial process.

52.     M.G.L.A. 106 § 9-609(c) provides: "If so agreed, and in any event after default, a secured party may require the debtor to assemble the Equipment and make it available to the

secured party at a place to be designated by the secured party which is reasonably convenient to both parties." M.G.L.A. 106 § 9-609 (West 2024).

53.     Due to PPGCR's default under the Loan, Firestone is entitled to the return and exclusive possession of the Equipment.  See Exhibit 1, ¶ 5.4.

54.     Due to PPGCR's default under the Loan, Firestone may require PPGCR to assemble the Equipment and make it available to Firestone at any place reasonably designated by Firestone.  M.G.L.A. 106 § 9-609 (West 2024); see also Exhibit 1, ¶ 5.4.

WHEREFORE, Plaintiff Firestone Financial, LLC respectfully requests that this Court order the Defendant Putt Putt Golf Courses of Richmond, Inc. to assemble the Equipment and make it available to Firestone Financial, LLC  within fourteen (14) calendar days at a place to be designated by Firestone Financial, LLC, as well as all other and further relief which this Court deems just.

THE LAW OFFICES
   OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, #87187
Bradley T. Canter, Esquire, #86766
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
E-Mail: bcanter@roncanterllc.com
*Attorneys for Plaintiff*

9

## **VERIFICATION**

I declare and verify under penalty of perjury that the foregoing is true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Executed on <u>March, 08</u>, 2024

*Steven Principi*

Steven Principi
SVP, Portfolio Risk
Firestone Financial, LLC
100 Westminster Street
Providence, RI 02903

10